# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ANDREU TOBIAS,

                        Plaintiff,

      v.

U.S. FEDERAL GOVERNMENT,

                        Defendant.

Case No. 4:19-cv-00027-TMB

## **ORDER OF DISMISSAL**

On August 16, 2019, self-represented litigant, Andreu Tobias, filed a Pro Se Complaint, along with a Civil Cover Sheet, and an Application to Waive the Filing Fee.[1] Subsequently, Mr. Tobias has also filed three sets of additional related documents that include further narrative and allegations.[2]

In sum, Mr. Tobias alleges that the U.S. Federal Government is engaged in psychic spying and attacks upon his mind and person.[3] Mr. Tobias further alleges "It's trying to get it so if I report anything from psychic spying on my thoughts or attacking me to the government, it uses the made up thing called the psychiatric system." Mr. Tobias's civil cover sheet describes his cause of action as: "US Federal Government's failure to adhere to my psy[c]hic directive, and the rules of

---

[1] Docket 1-3.

[2] Dockets 4-6.

[3] Docket 1 at 3.

and the actual engaging in its everyone in the world's psychic spying on my thoughts and psychic attacking me campaign, that it's cheating."[4]

For relief, Mr. Tobias requests damages in the amount of "500 printer pages of 9's double sided" and an order requiring the defendant to "adhere to my psychic directive, the rules of its everyone in the world's psychic spying on my thoughts and psychic attacking me campaign, everyone in the world except me."[5]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceeds in a lawsuit in federal court without paying the filing fee.[6] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[7]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted

---

[4] Docket 2 at 1-2.

[5] Docket 1 at 7.

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[7] 28 U.S.C. § 1915(e)(2)(B).

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 2 of 8
Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 2 of 8

as true, "state[s] a claim to relief that is plausible on its face."[8] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[9] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[10]

## DISCUSSION

Mr. Tobias has failed to state a claim upon which relief can be granted by this Court. Additionally, this Court does not have subject matter jurisdiction over Mr. Tobias's allegations. Amendment is futile. Therefore, the complaint must be dismissed with prejudice.

<u>Failure to State a Claim</u>

Mr. Tobias has filed several additional related documents in addition to his complaint. This is an improper way to amend a complaint. However, in the interest

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[9] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[10] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 3 of 8
Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 3 of 8

of justice. The Court has reviewed all of Mr. Tobias's filings and will consider them as part of the complaint for screening purposes.

A complaint needs to provide "a short and plain" description of claims and what specific law was violated. Rule 8 of the Federal Rules of Civil Procedure expressly requires that a plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] Mr. Tobias complaint is a dense narrative which discusses "psychic attack[s]" from various sources and the negative impacts he perceives.[12] Mr. Tobias states:

> I'm filing this suit against the US federal government for its failure to adhere to and cheating the rules of and its cheating and the actual engaging in its everyone in the world psychic spying on my thoughts and psychic attacking me campaign, undulatively motivated, in, at least, part to attain us dollar monetary damages in the sum of 500 printer pages of 9's double sided, and for everyone in the world to be removed from existence. This pertains to all activity from this life and past.[13]

In his additional related documents, Mr. Tobias reiterates this allegation, along with additional allegations against private parties causing him psychic harm, including the Fairbanks Police Department, his landlord, Advocacy Services of Alaska,

---

[11] Fed. R. Civ. P. 8(a)(2).

[12] *See* Docket 1; see also Dockets 4-6.

[13] Docket 1 at 3.

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 4 of 8
Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 4 of 8

Alaska Legal Services, Fred Meyer, and various grocery employees of Fred Meyer, and the State of Alaska through a new turquoise license plate design.

Mr. Tobias has not alleged a short and plain statement of the facts that shows a legal violation by the U.S. Federal Government  Moreover, the Court cannot provide money damages in the form of printer paper, nor can the Court "remove everyone in the world to be removed from existence."  The Court cannot grant the relief that Mr. Tobias requests.  Thusly, Mr. Tobias has failed to state a claim upon which relief may be granted, and his complaint must be dismissed.

## Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[14]  A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[15]  As a federal court, this Court has limited subject matter jurisdiction.  It possesses "only that power authorized by the Constitution and statute."[16]  This means that the Court has the authority to hear only specified types of cases.[17]  "In civil cases, subject matter jurisdiction is generally conferred upon

---

[14] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[15] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[16] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern.v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[17] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 5 of 8
Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 5 of 8

federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[18]

Federal question jurisdiction gives a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[19] Mr. Tobias's complaint does not cite to a federal statute, nor does it allege sufficient facts to state a viable federal constitutional claim.[20] Because the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[21] This means that this Court could have jurisdiction over a case (including one involving only state law issues) when the plaintiff demonstrates that he is a citizen of a different state than the citizenship of each of the defendants.[22] Additionally, the complaint states that Mr. Tobias seeks 500 pages of 9's double

---

[18] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[19] 28 U.S.C. § 1331.

[20] *See* Docket 1.

[21] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[22] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 6 of 8
Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 6 of 8

sided as the amount in controversy. This amount is below the $75,000 required amount for diversity jurisdiction. Because Mr. Tobias has not plausibly alleged diverse citizenship, nor an adequate amount in controversy, this Court does not have diversity jurisdiction over his complaint.

Based on the foregoing, the Court finds it has neither federal question jurisdiction nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter. When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[23] In light of the foregoing, Mr. Tobias's complaint must be dismissed for lack of subject matter jurisdiction.

## Futility of Amendment

Mr. Tobias requests relief this Court cannot provide. Additionally, Mr. Tobias does not plead any facts or legal theory that could lead to a cognizable claim this Court would have jurisdiction over. Therefore, amendment of the complaint is futile, and shall not be granted.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED WTH PREJUDICE** for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction; and

---

[23] Fed. R. Civ. P. (12)(h)(3).

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 7 of 8
Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 7 of 8

2. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 11th day of September, 2019.

                                              */s/ Timothy M. Burgess*
                                              TIMOTHY M. BURGESS
                                              United States District Judge

4:19-cv-00027-TMB, *Tobias v. U.S. Federal Government*
Order of Dismissal
Page 8 of 8
    Case 4:19-cv-00027-TMB   Document 7   Filed 09/11/19   Page 8 of 8